UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

United Marketing Solutions, Inc.,)
                                 )
        Plaintiff,                )
                                 )
v.                               ) Civil Action No. 1:09cv1392
                                 )
Angie M. Fowler, et al.,          )
                                 )
        Defendants.               )

Memorandum Opinion

THIS MATTER originally came before the Court on defendants' Motion to Compel discovery from Plaintiff (Docket no. 22). Upon granting the motion, this Court found that an award of costs and fees incurred in bringing this motion was appropriate pursuant to Fed. R. Civ. P. 37.

The Court has reviewed the Certification in Support of Attorneys' Fee Application on Motion to Compel submitted by defendants counsel Michael Einbinder, as well as plaintiff's Brief in Opposition to defendants' Attorneys' Fee Application on Motion to Compel.

In considering this award of fees and costs, it is appropriate to use the standards set forth by the Fourth Circuit in *Robinson v. Equifax Information Services, LLC*, 560 F.3d 235 (4th Cir. 2009). The Court has reviewed the reasonableness of defendants' fee request in that context and as to the twelve factors finds as follows:

1.  **The time and labor expended:**

Mr. Einbinder has represented that the time outlined in his certification does not include time spent on plaintiff's motion to amend which was heard on the same date. The Court finds that all of the counsel and paralegal time leading up to the hearing on June 18, 2010 was reasonable and necessary as is evident from the pleadings on the motion. However, since defendants' counsel had to appear in Court on plaintiff's motion as well, then the fees for June 18, 2010 will be reduced by one-half. For the same reason the one-half of expenses claimed by defendants will be granted.

Therefore, the Court finds the reasonable time expended to be as follows:

| | |
|---|---|
| Michael Einbinder | 13.50 hours |
| Vincent Amberly | 3.70 hours |
| Stephanie Blumstein | 33.75 hours |
| Ricahrd Bayer | 2.25 hours |
| Lydia Newcomb | 7.00 hours |
| Christina Bezas | 1.50 hours |

2.  **The novelty and difficulty of the questions raised:**

The defendants motion, although not novel, was complex in that it involved reviewing and compiling information from the discovery responses, deposition transcripts, and plaintiff's expert report, as well as legal research. In addition, defendant's counsel spent a significant amount of time trying to resolve these matters with plaintiff's counsel, to no avail.

3. **The skill required to properly perform the legal services rendered:**

The Court finds that the memoranda filed by defendants counsel was thorough and well prepared, and the participation, preparation, and review of the pleadings was reasonable and necessary by all of defendants' counsel and paralegals.

4. **The attorney's opportunity costs in pressing the instant litigation:**

The Court finds that this issue is not particularly relevant to the motion to compel, although it is clear that defendants' counsel should not have had to spend valuable time on this motion, had plaintiff compelled with its discovery obligations.

5. **The customary fee for like work:**

Mr. Einbinder represents that the hourly rates for him and his New York attorneys and paralegals are reasonable. However, this Court must determine fees at a reasonable rate for Northern Virginia, although the level of proof demanded in awarding fees and costs in a discovery motion should not be that required in an award of fees and costs for the entire course of litgating a case. The Court has reviewed the recent opinion in *U.S. v. IIF Data Solutions, 1:06cv641* and the opinion in *Zhou Jie Plant, et al. v. Merrifield Town Center Limited Partnerships, et al., 1:08cv374*. Based upon counsel's experience and expertise, the Court finds that the reasonable hourly rates for the plaintiff's attorneys and paralegals according to Northern Virginia rates is as follows:

| | |
|---|---|
| Mr. Einbiner | $400.00 |
| Ms. Blumstien | $250.00 |
| Mr. Bayer | $250.00 |
| Mr. Amberly | $350.00 |
| Ms. Newcomb | $ 90.00 |
| Ms. Bezas | $ 90.00 |

**5,6,10,11.** The Court finds that factors 5(the attorney's expectations at the outset of litigation), 6 (the time limitations imposed by the client or circumstances), 10 (the undesirability of the case within the legal community in which the suit arose) and 11 (nature and length of the professional relationship between attorney and client) are not particularly relevant to this matter.

**8.    The amount in controversy and the results obtained:**

The defendants were successful in that the Court granted their motion to compel.

**9.    The experience, reputation and ability of the attorney:**

The Court finds that the experience, reputation and ability of defense counsel is bolstered by the quality of the pleadings submitted and that the fee award is supported by these factors.

**12.   Attorney's fees awards in similar cases:**

The Court finds that based upon its review of the cases cited in factor 5, the fees charged by defendants' counsel is commensurate with counsel fees awarded in connection with similar motions.

## CONCLUSION

The Court finds that the following attorneys's fees and costs are reasonable and necessary expenses incurred in connection with defendants' motion to compel:

| | | | | |
|---|---|---|---|---|
| Michael Einbinder | 13.0 | hours at $400 = | $5400.00 |
| Vincent Amberly | 3.7 | hours at $350 = | $1295.00 |
| Stephanie Blumstein | 33.75 | hours at $250 = | $8437.50 |
| Richard Bayer | 2.25 | hours at $250 = | $ 562.50 |
| Lydia Newcomb | 7.0 | hours at $90 = | $ 630.00 |
| Christina Bazas | 1.5 | hours at $90 = | $ 135.00 |
| | | | $ 16,460 |

## EXPENSES

| | |
|---|---|
| FedEx (50% of $19.90) | $ 9.95 |
| Messenger to deliver courtesy copies (50% of $38.00) | $ 19.00 |
| Hotel (50% or $250.00) | $125.00 |
| Amtrak (50% of $350.00) | $175.00 |
| Transportation (50% of $50) | $ 25.00 |
| Transcript of June 18, 2010 hearing (50% of $87.30) | $ 43.65 |
| Total | $16,857.60 |

Therefore, the Court finds that plaintiff, United Marketing Solutions Inc., shall pay the sum of $16,857.60 to defendants within thirty (30) days. An appropriate order shall be issued.

ENTERED this 16th day of July, 2010

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

Alexandria, Virginia