IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

United Marketing Solutions, Inc., ) Plaintiff,
)
)
) Case No. 1:09-cv-1392-GBL-TCB
v. )
)
ANGIE M. FOWLER, et al., )
)
Defendants. )

## MEMORANDUM ORDER

THIS MATTER is before the Court on Plaintiff United Marketing Solutions, Inc.'s ("UMS") Objections to Magistrate Judge Theresa C. Buchanan's Award of Attorney's Fees and Costs on Defendants' Motion to Compel. (Dkt. No. 46.) The issue before the Court is whether Magistrate Judge Buchanan's award of $16,857.60 in fees and costs to Defendants Angie and Timothy Fowler (collectively, "Fowlers") (Dkt. No. 39) is unreasonable and therefore clearly erroneous or contrary to law. The Court sustains UMS' objection to the rate determination, reverses Magistrate Judge Buchanan's Order because it is clearly erroneous and contrary to law, and remands the matter for further proceedings consistent with this Order.

## I. BACKGROUND

This case concerns the breach of a franchise agreement relating to the distribution of mass-mailed business advertising coupons to residential homes. In May 2002, the Fowlers entered into a ten-year Area Franchise License Agreement ("Agreement" or "Contract") with UMS whereby the Fowlers became franchisees within UMS' direct mail coupon and advertising system.

From May 2002 until July 2009, the Fowlers operated their UMS franchise under the name United Marketing Solutions for Greensboro, Inc. On July 7, 2009, the Fowlers informed UMS that they were terminating the agreement with UMS. Soon thereafter, the Fowlers opened a substantially similar business, employing a number of individuals who had recently been employed by UMS.

On November 3, 2009, UMS filed its Complaint against the Fowlers in the Circuit Court of Fairfax County, and in December 2009, the case was removed to this Court. UMS claims breach of contract for wrongful termination and violation of the non-solicitation and non-competition provisions. On June 7, 2010, the Fowlers moved under Federal Rule of Civil Procedure 37 to compel UMS' responses to interrogatories, production of documents, and supplemental initial disclosure.

Magistrate Judge Buchanan granted the motion and found that an award of costs and fees incurred in bringing the motion was appropriate under Rule 37. On July 16, 2010, after reviewing the Fowlers' fee request, Magistrate Judge Buchanan ordered that UMS pay the Fowlers $16,857.60 in fees and costs.

UMS now objects to Magistrate Judge Buchanan's ruling as contrary to law for four reasons: (1) UMS' counsel informed the Fowlers' counsel that they would try to resolve the discovery issue, but the Fowlers' counsel filed the Motion to Compel anyway; (2) the Court awarded travel expenses when the Fowlers' counsel was already required to appear before the Court on that particular day; (3) the Court awarded travel expenses and fees for out-of-state counsel when local counsel would have been less expensive; and (4) the rates charged by the lawyers and paralegals when preparing the Motion to Compel were not reasonable, and the Fowlers did not provide sufficient evidence to establish the prevailing market rate.

## II. Standard of Review

The Court will not disturb a magistrate judge's ruling on nondispositive trial matters unless the ruling was "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A court's finding is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire

3

evidence is left with the definite and firm conviction that a mistake has been committed." *Minyard Enterprises, Inc. v. Southeastern Chemical & Solvent Co.*, 184 F.3d 373, 380 (4th Cir. 1999)(citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Attard Industries, Inc. v. U.S. Fire Ins. Co.*, No. 1:10cv121, 2010 WL 3069799 at *1 (E.D. Va. 2010) (citing *DeFazio v. Wallis*, 459 F. Supp. 2d 159 (E.D.N.Y. 2006).

### III. ANALYSIS

The Court sustains UMS' objection to the reasonableness of the fee award for insufficient supporting evidence because Magistrate Judge Buchanan's Order requiring UMS to pay the Fowlers $16,857.60 in fees and costs was clearly erroneous and contrary to law. The Court overrules UMS' other objections because Magistrate Judge Buchanan's determinations on these issues are not clearly erroneous or contrary to law. First, UMS argues that their counsel informed the Fowlers' counsel that they would try to resolve the discovery issue, but the record on the motion to compel shows that the Fowlers' counsel attempted to reach UMS' counsel on several occasions to no avail. Second, Magistrate Judge Buchanan did not err when she awarded travel expenses to the Fowlers' counsel. Magistrate

Judge Buchanan reduced the fees for June 18, 2010 by one-half because the Fowlers' lawyer was already going to appear in court for the Plaintiff's Motion for Leave. Third, Magistrate Judge Buchanan did not err in awarding fees to out-of-state counsel. Even though the attorneys were from out-of-state, Magistrate Judge Buchanan sought to award fees at the rate appropriate for Northern Virginia.

Regarding the reasonableness of the fee award, Magistrate Judge Buchanan clearly erred because the Fowlers have not provided sufficient evidence to establish the prevailing market rate for legal fees in the Eastern District of Virginia or to confirm that the rates from the cases upon which Magistrate Judge Buchanan seemed to rely are the prevailing market rates for the Eastern District of Virginia during the relevant time period.

If the court grants a Rule 37 motion to compel discovery, the court must require the party "whose conduct necessitated the motion" to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). In calculating an award of attorneys' fees, a district court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate. See *Grissom v. The Mills Corp.*, 549 F.3d

5

313, 320 (4th Cir. 2008). In *Robinson v. Equifax Information Servs., LLC*, the Fourth Circuit further expounded that the district court's discretion should be guided by the following twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d 235, 243-244 (4th Cir. 2009).

In the Fourth Circuit, the fee applicant has the burden of establishing the reasonableness of the requested rate. *See Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). The fee applicant's attorneys must produce affidavits about their own rates, and the fee applicant must produce "satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* The Fourth Circuit has ruled that affidavits from other local lawyers are sufficient to verify the

6

prevailing market rate so long as the lawyers are familiar with the fee applicants and the rates of the community for similar work. See Robinson, 560 F.3d at 245.

The Court sustains UMS' objection because the Fowlers did not produce sufficient evidence of the prevailing market rate for attorney's fees in the Eastern District of Virginia during the relevant time period.[1] The Fowlers submitted Certification in Support of Attorney's Fee Application on Motion to Compel (Dkt. 35), but this is not enough. While the attorney's own affidavits are necessary, they are not sufficient because the fee applicant must also provide specific evidence of the prevailing market rates with affidavits from local attorneys familiar with the fee applicant and local prevailing legal fee rates. The Fowlers and their counsel have not provided such evidence.

In addition, Judge Buchanan erred in relying solely on U.S. v. IIF Data Solutions, No. 1:06cv641, 2010 WL 1726767 (E.D. Va. 2010) and Zhou Jie Plant, et al. v. Merrifield Town Center Limited Partnerships, et al., No. 1:08cv374, 2010 WL 4674435 (E.D. Va. 2010) to determine the reasonable hourly rate for the Fowlers' attorneys and paralegals. When

---

[1] Other than the fee applicants' failure to produce evidence of the prevailing market, Magistrate Judge Buchannan's application of the other Robinson factors to the Fowlers' fee request is not clearly erroneous or contrary to law.

evaluating fee requests in *IIF Data Solutions*, the court considered the "Grissom Table," which was a table that the United States Court of Appeals for the Fourth Circuit created in 2008 to tailor the D.C.-based rates of the "Laffey Martrix" to the Northern Virginia area.[2] *See IIF Data Solutions*, 2010 WL 1726767 at *16 (E.D. Va. 2010)(citing *Grissom*, 549 F.3d at 323). In *Grissom*, the court noted that the Laffey Matrix has been accepted by the District of Columbia Circuit as "a useful starting point" for determining the prevailing rate for litigation counsel in D.C. *See Grissom*, 549 F.3d at 322. However, the Fourth Circuit has ruled that the Laffey Matrix alone is insufficient to carry the fee applicant's burden of proof. *See Robinson*, 560 F.3d at 245. Similarly, the Grissom Table is a useful benchmark to guide the Court's analysis, but it is not sufficient on its own.

In this case, Magistrate Judge Buchanan appears to rely on the rates that the court in *IIF Data Solutions* determined were reasonable based on the Grissom Table. For example, the rates for Blumstein, Amberly, and Bayer all correspond with the hourly rates set by the Grissom Table. However, it is unclear how Magistrate Judge Buchanan set Mr. Einbinder's rate

---

[2] The U.S. Attorney's Office for the District of Columbia created the Laffey Matrix as a basis for determining attorneys' fees in litigation claims.

of $400 an hour because this is above the rate set by the Grissom Table. Furthermore, it is unclear how the $90 paralegal rate was determined because the Grissom Table does not include a rate for paralegals.

District courts have discretion in determining attorneys' fees, but there must be evidence supporting the reasonableness of these fees. Cases like *IIF Data Solutions*, which rely on the Grissom Table, can provide useful starting points for the Court to consider when determining attorneys' fees, but the burden is still on the fee applicant to produce evidence of the prevailing market rates during the relevant time period. Evidence of the prevailing market rate is especially important in the present case because *IIF Data Solutions* references rates that are two years old: *Grissom* was decided in December 2008. In relying on these rates, Magistrate Judge Buchanan had no evidence stating that the legal rates in July 2010 were the same as those set forth in 2008. Indeed, the national recession affected the Northern Virginia legal market, and legal rates have likely changed. Accordingly, to confirm the reasonableness of these rates, there needs to be evidence demonstrating that these rates, which appear to come from the 2008 Grissom Table, are the prevailing market rates in

9

Northern Virginia in 2010 for the Fowlers' attorneys and paralegals.

Finally, Magistrate Judge Buchanan writes that "the level of proof demanded in awarding fees and costs in a discovery motion should not be that required in award of fees and costs for the entire course of litigating a case." Magistrate Judge Buchanan cited no authority, and the Court can find no cases, supporting such a proposition. Therefore, the Court sustains UMS' objection because Magistrate Judge Buchanan's Order is clearly erroneous and contrary to law.

## IV. CONCLUSION

For the foregoing reasons, the Court sustains UMS' objection because Magistrate Judge Buchanan's Order is clearly erroneous and contrary to law. It is hereby

ORDERED that Plaintiff United Marketing Solutions, Inc.'s Objections to Magistrate Judge's Order (Dkt. No. 46) are SUSTAINED in part and DENIED in Part. It is further

ORDERED that Magistrate Judge Buchanan's Order awarding Fee's and Costs on Defendant's Motion to Compel (Dkt. No. 39)

is REVERSED, and this matter is REMANDED for further proceedings consistent with this Order.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 2nd day of March, 2011.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge